# In the United States Court of Federal Claims

No. 16-614C

(Filed Under Seal: September 16, 2016)

(Reissued for Publication: September 26, 2016)[1]

```
*************************************
                                    *
ALLUVIAM, LLC,                      *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *   Post-award Bid Protest; Broad Agency
                                    *   Announcement; Challenge to Agency's
                                    *   Procurement Method; Standing; Waiver;
                Defendant,          *   Mootness Due to Completion of
                                    *   Contracts.
and                                 *
                                    *
GEORGIA TECH APPLIED RESEARCH       *
CORPORATION,                        *
                                    *
                Defendant-Intervenor.*
                                    *
*************************************
```

*Jeffery M. Chiow,* with whom were *Neil H. O'Donnell* and *Lucas T. Hanback,* Rogers Joseph O'Donnell, PC, Washington, D.C., for Plaintiff.

*Joshua E. Kurland,* with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, *Douglas K. Mickle*, Assistant Director, *Steven M. Mager,* Senior Trial Counsel, and *Michael D. Snyder,* Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington D.C., and *Jonathan H. Kosarin*, Combating Terrorism Technical Support Office, for Defendant.

---

[1] The Court issued this decision under seal on September 16, 2016, and invited the parties to submit proposed redactions of any competition-sensitive, proprietary, confidential, or other protected information on or before September 23, 2016. The parties did not propose any redactions, and therefore this decision is reissued for publication in its entirety.

*Rebecca E. Pearson*, with whom were *Nathaniel S. Canfield, James Y. Boland* and *Miranda S. Riemer,* Venable LLP, Washington, D.C., for Defendant-Intervenor.

OPINION AND ORDER

WHEELER, Judge.

This bid protest involves a Plaintiff's challenge to the Government's sole-source use of research and development funds to develop a software product that Plaintiff says is already commercially available. As shown below, the problem with this protest is that Plaintiff is far too late in raising its objections. The government agency made its decision on the approach it would follow twelve years ago in 2004, and the work performed for the agency is now virtually complete. The Court must deny the protest for Plaintiff's lack of standing, and waiver of the grounds for protest. The protest also is moot because the Court cannot enjoin completed contracts.

Background

Plaintiff Alluviam, LLC brings this action in the form of a post-award bid protest, seeking to enjoin performance of two contracts for the development of software and related training to aid first responders in dealing with hazardous materials. Alluviam produces and markets "HazMasterG3," a computer-based program which helps identify and defend against potentially dangerous substances, and which Alluviam claims is directly competitive with the decision support tools involved in the contracts at issue.

The U.S. Navy awarded the contracts on behalf of the Department of Defense's Combating Terrorism Technical Support Office ("CTTSO"), whose mission is to "identify and prioritize the needs of the interagency community charged with combating terrorism," and to provide "capabilities to those on the front lines through rapid research, development, test, evaluation, and operational support." Administrative Record ("AR") 18. Defendant-Intervenor, Georgia Tech Applied Research Corporation ("GTARC"), has worked with the CTTSO since 2004, when GTARC received a contract for development of a "decision aid" to help first responders identify and control hazardous materials. GTARC called this product "Chemical Companion." AR 1115. In 2008, GTARC received a follow-on contract for enhancements to Chemical Companion, which began an evolution into the Emergency Response Decision Support System ("ERDSS"), emphasizing a focus on quick responsive action. Christensen 2d Decl., Dkt. No. 52-2, at 5-6. The resulting system has always been "freeware," that is, a software product provided free of charge by CTTSO to first responders at all levels of government, to provide decision support for hazardous environments. AR 1115. "Efforts sought through our . . . process aim to keep end-user cost to a minimum" so that end users who are resource-limited have access to the technology. Christensen 2d Decl., Dkt. No. 52-2, at 3.

The contracts at issue were awarded through a procurement process known as a Broad Agency Announcement ("BAA"). A BAA is defined in the Federal Acquisition Regulation ("FAR") as "a general announcement of an agency's research interest including criteria for selecting proposals and soliciting the participation of all offerors capable of satisfying the Government's needs." FAR § 2.101. That section refers to FAR § 6.102(d)(2), which describes "[c]ompetitive selection of basic and applied research and that part of development not related to the development of a specific system" and states that a BAA would satisfy the competitive requirement if it is general in identifying research interest, includes criteria for selection, and seeks participation of all capable offerors, using peer or scientific review. FAR § 35.016 contains procedures for use of the BAA, specifying its contents, means of publication, and criteria for selection and evaluation of proposals.

The subgroups within CTTSO include the Chemical, Biological, Radiological, Nuclear, and Explosives ("CBRNE") subgroup, which administers the contracts protested in this case. The two BAAs resulting in the contracts challenged by Alluviam were issued by CTTSO in 2013 and 2014. The first, "BAA 3025," or "the 2013 BAA," included an unspecified or "R000" requirement for projects to develop technologies related to CBRNE response which were not specifically requested elsewhere in the BAA, and which were not already commercially available. The R000 category described areas of particular interest, including "new and improved technologies or emerging technological capabilities" relating to, among other focus areas, "[d]ecision support tools for evidence-based CBRNE response" and "[m]obile learning and performance support applications." AR 132. The second, more recent announcement, "BAA 3272," or "the 2014 BAA," also included a R000 requirement for CBRNE response with language similar to BAA 3025. AR 774.

Alluviam and GTARC each submitted proposals in response to the 2013 BAA. Alluviam's proposal offered to develop a data interface to integrate sensor readings with decision support tools, but was eliminated from the competition at an early stage, apparently because it was seen as duplicative of work already underway. AR 1166-1171. However, Alluviam did not protest that decision. Alluviam did not submit a proposal in response to the 2014 BAA.

The Navy awarded a contract under each of the BAAs to GTARC: in 2013, GTARC's contract was to develop further decision support tools under the R000 category of BAA 3025 (the "2013 Contract"). In 2014, GTARC received a contract (the "2014 Contract") to provide training in use of the system, also under the CBRNE R000 category, of BAA 3272. Both of these contracts are now at or near completion. The 2014 Contract was scheduled to end in August 2016. Christensen 2d Decl., Dkt. No. 52-2 at 10-11. The 2013 Contract has just a few months remaining before scheduled termination. Id.

In February 2016, Alluviam filed an agency-level protest with CTTSO and supplemented it twice, with the last supplement filed on March 3, 2016. AR 1059-1110. That protest challenged one of the contracts at issue here, the 2014 Contract, on the grounds

that the agency improperly used the BAA procedure, and also that a member of agency staff had a conflict of interest due to prior employment with GTARC. The Contracting Officer referred the protest to the Director of Contracts for the agency to conduct an independent review pursuant to FAR 33.103(d). Christensen 2d Decl., Dkt. No. 52-2 at 7. On May 13, 2016, the Director of Contracts issued his opinion, finding that the contract was properly awarded pursuant to the agency's BAA process, and that there was no conflict of interest with respect to the award to GTARC. AR 1111-1119.

Alluviam then filed this judicial bid protest, incorporating its objections raised with the agency, and claiming that the contracts are anticompetitive agreements "that have propped up Georgia Tech's competing product for over a decade." Compl. ¶ 16. Defendant and Intervenor have each filed motions to dismiss, arguing lack of subject-matter jurisdiction under this Court's Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

## Standard of Review

The Court must determine whether a plaintiff has established subject matter jurisdiction before proceeding to review the merits of the complaint. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). The jurisdiction of this Court is limited and extends only as far as prescribed by statute. Id. at 1172. Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the claim. Gluck v. United States, 84 Fed. Cl. 609, 614 (2008).

## Discussion

A. Standing

This Court's jurisdiction over bid protests stems from 28 U.S.C. § 1491(b)(1), which provides that this Court may "render judgment on an action by an interested party" in connection with a procurement. Defendant and Intervenor argue that Alluviam does not qualify as an "interested party" in this case, and thus lacks standing to protest the contracts at issue.

In order to establish standing as an "interested party" for purposes of bringing a bid protest, Plaintiff must show that it has a direct economic interest as an actual or prospective bidder or offeror, and that it was prejudiced by error in the procurement process challenged. Labatt Food Service, Inc. v. United States, 577 F.3d 1375, 1378-79 (Fed. Cir. 2009) (citations omitted). To establish prejudice, Plaintiff must show a substantial chance of award under the solicitations if not for the agency action in dispute. Info. Tech & Applications v. United States, 316 F.3d 1312, 1319 (Fed. Cir. 2003). As noted above,

Alluviam did not protest the agency's rejection of its proposal under the 2013 BAA, and in fact did not argue the merits of that proposal in this action. Alluviam also did not submit any proposal for the 2014 BAA. From these facts it is clear that Alluviam is not seeking to participate in the contracts at issue here. As indicated in its pleadings, Alluviam is not interested in developing as freeware the decision support technology sought to be developed by CTTSO, and therefore cannot show a chance for an award under either contract. Essentially, Alluviam is challenging the Government's procurement method in developing a product that it says is already commercially available. See VFA, Inc. v. United States, 118 Fed. Cl. 735 (2014). Alluviam presumably could have challenged the selected method at the time the agency embarked on this path, as early as 2004, but it did not do so. Now, twelve years later, Plaintiff lacks standing to object to the solicitations or the completed contracts.

      B. Waiver

Defendant argues that Alluviam has waived its right to protest the awards, citing Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308 (Fed. Cir. 2007). In that case, the Federal Circuit held that a party waives the ability to object to the terms of a solicitation containing a patent error if it did not raise the objection prior to the closing date for receipt of proposals. Alluviam disputes the applicability of the waiver doctrine to this case, maintaining that it could not have known prior to award that the contracts would be let in a manner inconsistent with research and development funding restrictions. However, the record shows that Alluviam was aware of the agency's use of BAAs to fund projects to which it now objects, by 2004. Compl ¶ 31; Ouzounian Decl., Dkt. No. 7, at 3. In fact, in 2004 Alluviam complained to agency officials about the use of research and development funds under BAAs in this setting, but never brought a formal challenge. Compl. ¶ 31. There have been other similar BAA procurements since the first award to GTARC in 2004, but Alluviam has not until now challenged any of them. Further, the contract goals to which Alluviam objects, including improvement of decision support tools and training on use of the tools, were clearly stated in the solicitations. For this reason, the Court finds that Alluviam has waived its right to object to the solicitations.

                                Conclusion

Plaintiff seeks in this protest to overturn CTTSO's approach to development of hazardous material response tools as freeware, which dates back to at least 2004. Plaintiff cannot now turn the clock back by defeating the contracts at issue here, especially in light of the fact that they have now been almost fully performed. The completion of the contracts renders this case moot. Because Alluviam lacks standing and has waived its right to object to the solicitations, the Defendant and Defendant-Intervenor's Motions to Dismiss are GRANTED, and Plaintiff's Motion for a Preliminary Injunction is DENIED. The Clerk is directed to dismiss this case.

    This decision is issued under seal.  On or before September 23, 2016, the parties shall carefully review this opinion for competition-sensitive, proprietary, confidential or other protected information, and submit to the Court proposed redactions to this opinion, if any, before it is released for publication.  The parties are requested to minimize their requested redactions so that the Court may publish as much of the decision as possible.

    IT IS SO ORDERED.

                                              <u>s/Thomas C. Wheeler</u>
                                              THOMAS C. WHEELER
                                              Judge